### NORTH BLOOMFIELD GRAVEL MIN. CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 28, 1897.)

CIRCUIT COURT OF APPEALS—JURISDICTION—ORIGINAL ORDERS.

   A circuit court having ordered an injunction to issue, an appeal was taken, and thereupon it directed that the injunction should not issue until further order. Application was then made to the circuit court of appeals for an original order directing the court to vacate this latter order. *Held*, that the appellate court could give no such directions, as its jurisdiction is only appellate, and it can act upon the court below only by mandate.

Appeal from the Circuit Court of the United States for the Northern District of California.

C. W. Cross, for appellant.

Samuel Knight, Asst. U. S. Atty.

Before GILBERT and MORROW, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge (orally). In the case of North Bloomfield Gravel Mining Company v. U. S., an application was made to this court to direct that the court below vacate an order that had been made suspending the operation of an order of injunction. The lower court, in reaching its conclusion, ordered an injunction to issue. 81 Fed. 243. Upon an appeal being taken, it directed that the injunction should not issue until the further order of the court. On appeal to this court an application is made for an original order. We think we have no jurisdiction to issue an order concerning any matter pending in the court below. That court made an order denying the injunction. An appeal might have been taken to this court from that order. On final hearing of this case the matter can be reviewed, but in the meantime we see no way by which the action of the circuit court can be directed from this court. We can issue no injunction from this court, and can only act on the lower court by a mandate. Our jurisdiction is appellate. The motion will be denied.